IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **HIRAM DEL RIO DEL RIO,**<br>　　　Plaintiff, | CIVIL NO. 21-1718 (RLA) |
| VS. | DIVERSITY JURISDICTION |
| **TRINITY SERVICES GROUP, INC.;**<br>**CORPORATIONS A, B and C; JOHN DOEs 1,**<br>**2** and **3; INSURANCE COMPANIES X Y,**<br>**and Z,**<br><br>　　　Defendants. | PERSONAL INJURY<br>**D**EMAND FOR TRIAL BY JURY |

## COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW** plaintiff through the undersigned counsel and very respectfully state and pray as follows:

### JURISDICTION AND VENUE

1. The jurisdiction of this Honorable Court is invoked pursuant to title 28 United States Code Section 1332(a)(1) and the Constitution of the United States of' America, Article III, Section 2.

2. This action is of a civil nature, for demand of judgment for damages for physical injuries and mental anguish and suffering pursuant to Article 1802 of the Civil Code of Puerto Rico, 31 L.P.R.A § 5141, involving, exclusive of interests and costs, a sum in excess of $75,000.00 as to each plaintiff. Every issue of law and fact therein is wholly between citizens of different states. Plaintiff invokes the diversity jurisdiction of this Honorable Court pursuant to the provisions of

1

the Constitution of the United States of America, Article III, Section 2 and Title 28 United States Code, Section 1332 (a)(1).

3. Plaintiff invokes the supplemental jurisdiction of this court and under 31 L.P.R.A. Section 5141 the defendants are liable for all the damages caused to plaintiff through their fault or negligence.

**PARTIES**

4. Plaintiff **HIRAM DEL RIO DEL RIO** is a citizen of the Commonwealth of Puerto Rico and has his domicile at HC07 Box 34483, Bo. Aibonito, Hatillo, PR 00659.

5. Upon information and belief, defendant **TRINITY SERVICES GROUP, INC.** is a corporation organized and existing under the laws of the State of Florida or under the laws of any other State of the Union other than the Commonwealth of Puerto Rico having its principal place of business in a State other than the Commonwealth of Puerto Rico.

6. At all times herein relevant, defendant **TRINITY SERVICES GROUP, INC.** entered into a contract with the Department of Corrections of the Commonwealth of Puerto Rico to provide food to the prison population throughout the different institutions in Puerto Rico and was in charge of cooking, storage and serving the food for the inmates at the time of the fact alleged in this Complaint.

7. Co-defendants **CORPORATIONS A, B, and C** (whose true and correct names are unknown to plaintiff at this time) are corporations that are jointly and severally liable with the other codefendants for all the damages suffered by plaintiff as alleged herein.

8. Co-defendants **JOHN DOEs 1, 2 and 3** (whose true and correct names are

unknown to plaintiff at this time) are any natural or legal person, association, corporation, partnership, governmental agency, or any other person, who might be jointly and severally responsible for all the damages plaintiff claims herein.

9.      Co-defendants **INSURANCE COMPANIES X, Y and Z** (whose true and correct names are presently unknown to plaintiff) are insurance companies that issued insurance policies in favor of the defendants herein and that are jointly and severally liable for all the damages suffered by plaintiff as alleged herein.

## FACTS

10.     Plaintiff Hiram del Rio Del Rio is an inmate presently serving a sentence at the Institucion Correcional Guerrero 304 de Aguadilla, in Aguadilla, Puerto Rico. Defendant **TRINITY SERVICES GROUP, INC.** is the entity in charge of providing the food the inmates consume while serving their sentences at Institucion Correcional Guerrero 304 de Aguadilla. Defendant **TRINITY SERVICES GROUP, INC.**, through their employees and agents, is in charge of the storage, cooking, and serving the food that the inmates at said institution consume.

11.     On or about May 12, 2020, defendant **TRINITY SERVICES GROUP, INC.** through his employees and agents, prepared and served to the inmate population at Institucion Correcional Guerrero 304 de Aguadilla, including plaintiff, a stew containing meat. The same day at night plaintiff began to suffer stomach ache and developed diarrhea. Plaintiff continued with the stomach ache and diarrhea and developed a rash all over his body and had to be taken to receive medical treatment. On May 15, 2020, plaintiff had to be taken to emergency. Plaintiff was feeling week, most of the skin over his body had been peeled off as a result of the rash, and had a burning sensation all over his body. After receiving medical treatment for several days, including administration of intravenous medication, plaintiff's condition began to stabilize.

12. As a result of the serious health complications developed by ingesting meat not suitable for human consumption, plaintiff's physician at the institution ordered that no meat be served to plaintiff. The defendant, however, despite said specific instructions continued to serve plaintiff meat for weeks, which plaintiff was unable to eat.

13. As a result of the poisoning and adverse reaction suffered after ingesting the meat served by defendant, Plaintiff cannot consume meat and has been on a special diet.

**LIABILITY**

14. Plaintiff's damages were caused by defendant's negligence in failing to keep, preserve, storage, and properly maintain the ingredients and food in good condition and fit for human consumption, including the meat that was served on or about May 12, 2020. As a result of said negligence, plaintiff suffered the damages hereinafter described.

15. The defendant was negligent in failing to adequately train its employees and agents who manage the food supplied at Institucion Correcional Guerrero 304 de Aguadilla on the proper method to use and preserve the meat and the rest of the food provided to the inmates, and to proper cook, prepare and serve the food served to the inmates in order to avoid serving said inmates with rotten, damaged, decomposed meat and food. As a result of said failure, plaintiff was fed with meat that was not fit for human consumption.                                    16. The defendant was negligent in failing to adequately supervise, inspect and monitor its employees and agents with respect to the proper handling of the food supplies, including its proper storage, use, and preparation.

17. The defendants were negligent in failing to have the proper equipment in good working condition and to make adequate inspection of said equipment and storage the food in the proper manner so that it will not get spoiled, rotten, or not fit for human consumption. As a result

of said defective handling of food, lack of proper equipment and lack of adequate inspection, the meat served at said institution spoiled causing plaintiff to suffered poisoning upon its consumption.

### PLAINTIFFS' DAMAGES

18. As a result of defendants' negligence, plaintiff had to receive emergency medical treatment, cannot consume meat, has permanent injuries that will limit his capabilities in the future; has suffered extreme physical, mental and emotional pain and suffering; will incur, in expenses for medical attention, special diet, therapies, prescriptions, psychological treatment for which plaintiff demands the sum of no less than **ONE MILLION DOLLARS ($1,000,000.00)** as reasonable compensation.

### JURY DEMAND

19. Plaintiffs demand trial by jury.

### PRAYER

**WHEREFORE**, plaintiff requests that judgment be entered against the defendant, as follows:

a. Compensatory damages in the amount of no less than **ONE MILLION DOLLARS($1, 000,000.00);**

b. Grant any other relief in law or equity as the court may determine.

c. Plaintiff demands a trial by jury.

In San Juan, Puerto Rico, this 5th day of May 2021.

/S/Ramon M. Gonzalez-Santiago

RAMON M. GONZALEZ-SANTIAGO
Co-counsel for Plaintiff
USDC-PR # 202313
P.O. BOX 195493
SAN JUAN, PR 00919-5493
TEL. (787) 593-8281/722-6930
E-mail: rmgonzalezesq@gmail.com


***s/José Agustín Arce-Diaz***
José Agustín Arce-Díaz, Esq.
José Agustín Arce Díaz Law Office
Co-counsel for Plaintiff
U.S.D.C.-P.R. 222508
P.O. Box 270-157
San Juan, PR 00928
Tel. (787) 720-3116
Fax (787) 720-8919
jag.arcediaz@gmail.com